Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Kerry B. Brownlee (KB 0823)
kbrownlee@ipcounselors.com
Dwana S. Dixon (DD 0609)
ddixon@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiffs*
*WowWee Group Limited and*
*WowWee Canada, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WOWWEE GROUP LIMITED and WOWWEE CANADA, INC., *Plaintiffs* <br><br> v. <br><br> CLOUD COMMERCE SYSTEMS LIMITED d/b/a FASTTECH d/b/a FASTTECH.COM, *Defendant* | CIVIL ACTION No. 1:19-cv-256 <br><br> **COMPLAINT** <br><br> **Jury Trial Requested** |

Plaintiff WowWee Group Limited, a company organized in Hong Kong, and Plaintiff WowWee Canada, Inc., a company organized in Canada, ("WowWee" or "Plaintiffs"), by through their undersigned counsel, allege as follows:

**NATURE OF THE ACTION**

1.      This action involves claims for trademark infringement of WowWee's federally registered trademarks in violation of § 32 of the Federal Trademark (Lanham) Act, 15 U.S.C. §§ 1051 *et seq*.; counterfeiting of WowWee's federally registered trademarks in violation

of 15 U.S.C. §§ 1114(1)(a)-(b), 1116(d), and 1117(b)-(c); false designation of origin, passing off, and unfair competition in violation of Section 43(a) of the Trademark Act of 1946, as amended (15 U.S.C. §1125(a)); copyright infringement of WowWee's federally registered copyrights in violation of the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq*.; and related state and common law claims (the "Action"), arising from Defendant's infringement of WowWee's Untamed Works (as defined *infra*) and Untamed Marks (as defined *infra*), including, without limitation, by manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or selling unlicensed, infringing versions of WowWee's Untamed Products (as defined *infra*).

## JURISDICTION AND VENUE

2.      This Court has federal subject matter jurisdiction over the claims asserted in this Action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as well as pursuant to 15 U.S.C. § 1121 as an action arising out of violations of the Lanham Act, 15 U.S.C. §§ 1051 *et seq*. and the Copyright Act, 17 U.S.C. §§ 101 *et seq*.; pursuant to 28 U.S.C. §1338(b) as an action arising out of claims for false designation of origin and unfair competition; and pursuant to 28 U.S.C. § 1332, as there is diversity between the parties and the matter in controversy exceeds, exclusive of interests and costs, the sum of seventy-five thousand dollars.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. §§1367(a), as the claims asserted thereunder are so closely related to the federal claims brought in this Action as to form part of the same case or controversy.

3.      Personal jurisdiction exists over Defendant in this judicial district pursuant to N.Y.C.P.L.R. § 302(a)(1) and N.Y.C.P.L.R. § 302(a)(3) because, upon information and belief, Defendant regularly conducts, transacts, and/or solicits business in New York and in this judicial district, and/or derives substantial revenue from its business transactions in New York and in this judicial district, particularly via its interactive website, supplies its goods (upon information and

belief, Infringing Products, as defined *infra*) in New York and/or otherwise avails itself of the privileges and protections of the laws of the State of New York such that this Court's assertion of jurisdiction over Defendant does not offend traditional notions of fair play and due process, and/or Defendant's infringing actions caused injury to WowWee in New York and in this judicial district such that Defendant should reasonably expect such actions to have consequences in New York and in this judicial district.

4.      Venue is proper, *inter alia*, pursuant to 28 U.S.C. § 1391 because, upon information and belief, Defendant conducts business in this judicial district, a substantial part of the events or omissions giving rise to the asserted counts occurred in this judicial district, and harm to Plaintiff has occurred in this district.

## **THE PARTIES**

5.      Plaintiff WowWee Group Limited is a company organized in Hong Kong, with a principal place of business at Energy Plaza, 3F, 92 Granville Road, T.S.T. East, Hong Kong.

6.      Plaintiff WowWee Canada, Inc. is a Canadian corporation, with a principal place of business at 3700 Saint Patrick, Suite 206, Montreal, Quebec H4E 1A2, Canada.

7.      Upon information and belief, Defendant Cloud Commerce Systems Limited is a Hong Kong corporation, having a principal place of business at 15/F Parklane Centre, 25 Kin Kwan Street, Tuen Mun, New Territories Hong Kong.  Upon information and belief, Cloud Commerce Systems Limited d/b/a FastTech d/b/a FastTech.com also owns and operates a return mailbox in the United States located at 8345 NW 66th St., Miami, Florida 33166. (hereinafter referred to as "Cloud Commerce" and/or "Defendant").

## GENERAL ALLEGATIONS

### WowWee and Its Well-Known Untamed Products

8.      WowWee is a leading designer, developer, marketer, and distributor of innovative robotic toys and consumer entertainment products ("Authentic Products").  WowWee promotes and sells its Authentic Products throughout the U.S., including in the State of New York, and throughout the world, through major retailers, quality toy stores, department stores, and online marketplaces, including, but not limited to, Target, Walmart, Amazon, and GameStop.

9.      One of WowWee's most popular and successful products are its Fingerlings toys, which are hand-held robotic toys that react to sound, motion, and touch and are designed to look various animals and/or other characters (e.g., monkeys, unicorns, and sloths) ("Fingerlings Product(s)").  Images of the Fingerlings Products are attached hereto as **Exhibit A** and incorporated herein by reference.

10.     The Fingerlings Products have achieved great success since their introduction in 2017.

11.     Moreover, the Fingerling Products were widely recognized as the must-have toy product for 2017, as indicated by the toy industry's leaders and features in major news outlets including, but not limited to, TTPM, Money Magazine, Good Housekeeping, Business Insider, Newsday, Yahoo!, The Toy Insider, and CNN.  The Fingerlings Products continued to top holiday lists by industry insiders for 2018.

12.     In 2018, WowWee expanded the Fingerlings Products to include hand-held robotic toys, which are designed to look like dinosaurs ("Untamed Product(s)").  Images of some of Plaintiffs' Untamed Products are attached hereto as **Exhibit B** and incorporated herein by reference**.**

13.     WowWee owns both registered and unregistered copyrights in and related to the Untamed Products and the associated packaging.

14.     WowWee has protected its valuable rights by filing and obtaining U.S. copyright registrations in and relating to the Untamed Products.  For example, WowWee is the owner of the following U.S. Copyright Registrations Nos.: VAu 1-297-841 covering Untamed I, VAu 1-302-802 covering the Untamed I Packaging & Instruction Manual, VAu 1-317-908 covering Untamed II, and VAu 1-324-591 covering Untamed III (collectively referred to as the "Untamed Works"). True and correct copies of the U.S. copyright registration certificates and the corresponding deposit materials for the Untamed Works are attached hereto as **Exhibit C** and incorporated herein by reference.

15.     While WowWee has gained significant common law trademark and other rights in the Untamed Products through its use, advertising, and promotion of the same, WowWee has also sought to protect its valuable rights by filing for and obtaining federal trademark registrations.

16.     For example, WowWee owns the following U.S. Trademark Registration Nos.: 3,289,747 for "WOW WEE" for a variety of goods in Class 9 and Class 28, which has been used in commerce in connection with Authentic Products since at least as early as September 13, 2001, and is currently in use in connection with Untamed Products; 4,505,483 for 👀 for a variety of goods in Class 9 and Class 28 , which has been used in commerce in connection with Authentic Products since at least as early as June 30, 2008, and is currently in use in connection with Untamed Products; 5,325,724 for "FINGERLINGS" for a variety of goods in Class 28 with a constructive date of first use of January 20, 2017, which has been used, and is currently in use, in commerce in connection with Untamed Products; 5,510,100 for "UNTAMED" for a variety of goods in Class 28, with a constructive date of first use of November 20, 2017,

which has been used in commerce in connection with Untamed Products (collectively, "Untamed Marks").  True and correct copies of the trademark registration certificates for the Untamed Marks are attached hereto as **Exhibit D** and incorporated herein by reference.

17.     The Untamed Products generally retail for $14.99.

18.     WowWee has spent substantial time, money, and effort in building up and developing consumer recognition, awareness, and goodwill in the Untamed Products, Untamed Works, and Untamed Marks.

19.     The success of the Untamed Products is due in large part to WowWee's marketing, promotional, and distribution efforts.  These efforts include advertising and promotion through television, WowWee's websites, www.fingerlings.com and www.untamed.wowwee.com (the "Websites"), retailer websites, and other internet-based advertising, print, and other efforts both domestically and abroad.

20.     WowWee's success is also due to its use of high-quality materials and processes in making the Untamed Products.

21.     Additionally, WowWee owes a substantial amount of the success of the Untamed Products to its consumers and the word-of-mouth buzz that its consumers have generated.

22.     As a result of WowWee's efforts, the quality of its Untamed Products, its promotions, extensive press and media coverage, and word-of mouth-buzz, the Untamed Products, Untamed Works, and Untamed Marks have become prominently placed in the minds of the public. Members of the public have become familiar with the Untamed Products, Untamed Works, and Untamed Marks, and have come to recognize the Untamed Products, Untamed Works, and Untamed Marks and associate them exclusively with WowWee.

23.     WowWee and its Untamed Marks have acquired a valuable reputation and goodwill among the public as a result of such associations.

24.     WowWee has gone to great lengths to protect its interests in and to the Untamed Works and Untamed Marks.  No one other than WowWee is authorized to manufacture, import, export, advertise, offer for sale, or sell any goods utilizing the Untamed Works or Untamed Marks without the express written permission of WowWee.

### Defendant's Wrongful and Infringing Conduct

25.     In light of WowWee's enormous success, particularly with respect to the Untamed Products, as well as the reputation that they have gained, WowWee and its Untamed Products have become targets for unscrupulous individuals and entities that wish to exploit the goodwill, reputation, and fame WowWee has amassed in its Untamed Products, the Untamed Works, and the Untamed Marks.

26.     WowWee investigates and enforces against such activity, and through such efforts, learned of Defendant's actions, which vary and include, but are not limited to, manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or selling products bearing one or more of Plaintiffs' Untamed Works and/or Untamed Marks, and/or products in packaging and/or containing labels and/or marks and/or artwork that is substantially or confusingly similar to one or more of Plaintiffs' Untamed Works and/or Untamed Marks, and/or products that are identical or substantially or confusingly similar to the Fingerlings Products and/or Untamed Products (collectively referred to as "Infringing Product(s)" or "Counterfeit Products") to U.S. consumers, including those located in the State of New York, through, at a minimum, its website, located at www.fasttech.com ("Defendant's Website"), which is available in, and ships to, New York.  Listings for Infringing Products currently available on Defendant's Website are enclosed herewith as **Exhibit E**.

27.     Plaintiffs first became aware of Defendant's infringing activities when one of Plaintiffs' employees discovered Infringing Products on Defendant's Website.   Plaintiffs subsequently used a third-party takedown service to have such listings removed from Defendant's Website, which placed Defendant on notice of the infringing nature of its Infringing Products.

28.     On or about October 2018, Plaintiffs uncovered additional listings for Infringing Products on Defendant's Website.   Plaintiffs' counsel then placed a covert purchase for an Infringing Product via Defendant's Website, which was delivered to its office in New York.   A true and correct copy of the invoice for said covert purchase, along with photographs of the packaging of the Infringing Product ordered and received by Plaintiffs' counsel from Defendant's Website, which were taken by Plaintiffs' counsel, are enclosed herewith as **Exhibit F**.

29.     A side-by-side comparison of Plaintiffs' Untamed Products to an Infringing Product, ordered from Defendant's Website and received by Plaintiffs' counsel, appears below:

| **Untamed Product** | **Infringing Product** |
|---|---|
|  |  |

 

30.     Defendant is not, and has never been, authorized by WowWee or any of its authorized agents to copy, manufacture, import, export, advertise, distribute, offer for sale, or sell the Untamed Products or to use WowWee's Untamed Works and Untamed Marks, or any artwork or marks that are substantially or confusingly similar to the Untamed Works or Untamed Marks.

31.     Defendant's Infringing Products are nearly indistinguishable from WowWee's Untamed Products, only with minor variations that no ordinary consumer would recognize.

32.     By these dealings in Infringing Products (including, without limitation, copying, manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or selling Infringing Products), Defendant has violated WowWee's exclusive rights in its Untamed Works and Untamed Marks, and has used images, designs and/or artwork that are confusingly and/or substantially similar to, identical to, and/or constitute counterfeiting and/or infringement of WowWee's Untamed Works and Untamed Marks in order to confuse consumers into believing that such Infringing Products are WowWee's Untamed Products and aid

9

in the promotion and sales of its Infringing Products. Defendant's conduct began long after WowWee's adoption and use of its Untamed Works and Untamed Marks, after WowWee obtained the U.S. registrations in the Untamed Works and Untamed Marks, as alleged above, and after WowWee's Untamed Products became well-known to the purchasing public.

33.     Prior to and contemporaneous with its actions alleged herein, Defendant had knowledge of WowWee's ownership of its Untamed Works and Untamed Marks, of the fame and incalculable goodwill associated therewith, and of the popularity and success of the Untamed Products, and in bad faith adopted WowWee's Untamed Works and Untamed Marks.

34.     Defendant has been engaging in the illegal counterfeiting and infringing actions, as alleged herein, knowingly and intentionally, or with reckless disregard or willful blindness to WowWee's rights, or in bad faith, for the purpose of trading on the goodwill and reputation of WowWee, WowWee's Untamed Works, Untamed Marks, and Untamed Products.

35.     Defendant's dealings in Infringing Products, as alleged herein, has caused, and will continue to cause, confusion, mistake, economic loss and has, and will continue to deceive consumers, the public, and the trade with respect to the source or origin of Defendant's Infringing Products, thereby causing consumers to erroneously believe that such Infringing Products are licensed by or otherwise associated with WowWee, thereby damaging WowWee.

36.     In committing these acts, Defendant has, among other things, willfully and in bad faith committed the following, all of which have and will continue to cause irreparable harm to WowWee: infringed the Untamed Works; infringed and counterfeited the Untamed Marks; committed unfair competition; and unfairly and unjustly profited from such activities at WowWee's expense.

37.     Unless enjoined, Defendant will continue to cause irreparable harm to WowWee.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Trademark Counterfeiting Under Sections 32, 34, and 35 of the Lanham Act,
15 U.S.C. §§ 1114(1)(b), 1116(d), and 1117(b)-(c)))**

38.     WowWee repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

39.     WowWee is the exclusive owner of all right and title to the Untamed Marks.

40.     As noted *supra*, WowWee has continuously used the Untamed Marks in interstate commerce since at least as early as September 13, 2001, June 30, 2008, January 20, 2017, and March 18, 2018, respectively.

41.     Without WowWee's authorization or consent, with knowledge of Plaintiffs' well-known and prior rights in their Untamed Marks and with knowledge that Defendant's Counterfeit Products bear counterfeit marks, Defendant intentionally reproduced, copied, and/or colorably imitated the Untamed Marks and/or used spurious designations that are identical with, or substantially indistinguishable from, the Untamed Marks on or in connection with the manufacturing, import, export, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products.

42.     Defendant has manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale, and/or sold its Counterfeit Products to the purchasing public in direct competition with WowWee, in or affecting interstate commerce, and/or has acted with reckless disregard of WowWee's rights in and to the Untamed Marks through its participation in such activities.

43.     Defendant has applied its reproductions, counterfeits, copies, and colorable imitations of the Untamed Marks to packaging, point-of-purchase materials, promotions, and/or

advertisements intended to be used in commerce upon, or in connection with, the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or selling of Defendant's Counterfeit Products, which is likely to cause confusion, mistake, and deception among the general purchasing public as to the origin of the Counterfeit Products, and is likely to deceive consumers, the public and the trade into believing that the Counterfeit Products sold by Defendant originate from, are associated with, or are otherwise authorized by WowWee, thereby making substantial profits and gains to which they are not entitled in law or equity.

44.     Defendant's unauthorized use of the Untamed Marks on or in connection with the Counterfeit Products was done with notice and full knowledge that such use was not authorized or licensed by WowWee, and with the deliberate intent to unfairly benefit from the incalculable goodwill inherent in the Untamed Marks.

45.     Defendant's actions constitute willful counterfeiting of the Untamed Marks in violation of 15 U.S.C. §§ 1114(1)(a)-(b), 1116(d), and 1117(b)-(c).

46.     As a direct and proximate result of Defendant's illegal actions alleged herein, Defendant has caused substantial monetary loss and irreparable injury and damage to Plaintiffs, their business, their reputations and their valuable rights in and to the Untamed Marks and the goodwill associated therewith, in an amount as yet unknown, but to be determined at trial, for which WowWee has no adequate remedy at law, and unless immediately enjoined, Defendant will continue to cause such substantial and irreparable injury, loss, and damage to Plaintiffs and their valuable Untamed Marks.

47.     Based on Defendant's actions as alleged herein, WowWee is entitled to injunctive relief, damages for the irreparable harm that WowWee has sustained, and will sustain, as a result

of Defendant's unlawful and infringing actions, as alleged herein, and all gains, profits and advantages obtained by Defendant as a result thereof, enhanced discretionary damages, treble damages, and/or statutory damages of up to $2,000,000 per counterfeit mark per type of goods sold, offered for sale, or distributed and reasonable attorneys' fees and costs.

## SECOND CAUSE OF ACTION
**(Infringement of Registered Trademarks)**
**[115 U.S.C. § 1114/Lanham Act § 32(a)]**

48.    WowWee repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

49.    As noted *supra*, WowWee has continuously used the Untamed Marks in interstate commerce since at least as early as September 13, 2001, June 30, 2008, January 20, 2017, and May 18, 2018, respectively.

50.    WowWee, as owner of all right, title, and interest in and to the Untamed Marks, has standing to maintain an action for trademark infringement under 15 U.S.C. § 1114.

51.    Defendant was, at the time it engaged in its actions as alleged herein, actually aware that WowWee is the owner of the federal trademark registrations for the Untamed Marks.

52.    Defendant did not seek, and thus inherently failed to obtain consent or authorization from WowWee, as the registered trademark owner of the Untamed Marks, to deal in and commercially manufacture, import, export, advertise, market, promote, distribute, display, retail, offer for sale, and/or sell Untamed Products and/or related products bearing the Untamed Marks into the stream of commerce.

53.    Defendant knowingly and intentionally manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale, and/or sold Infringing Products, bearing and/or utilizing marks that are reproductions, counterfeits, copies and/or

colorable imitations of the Untamed Marks and/or which are identical or confusingly similar to the Untamed Marks.

54.     Defendant knowingly and intentionally reproduced, copied, and colorably imitated the Untamed Marks and applied such reproductions, copies, or colorable imitations to packaging, wrappers, receptacles, online listings and/or advertisements used in commerce upon, or in connection with, the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or sale of Defendant's Infringing Products.

55.     Defendant was, at the time it engaged in its illegal and infringing actions as alleged herein, actually aware that WowWee is the owner of all rights in and to the Untamed Marks.

56.     Defendant's egregious and intentional use of the Untamed Marks in commerce on or in connection with Defendant's Infringing Products has caused, and is likely to continue to cause, actual confusion and mistake, and has deceived, and is likely to continue to deceive, the general purchasing public as to the source or origin of the Infringing Products, and is likely to deceive the public into believing that Defendant's Infringing Products are WowWee's Untamed Products or are otherwise associated with, or authorized by, WowWee.

57.     Defendant's actions have been deliberate and committed with knowledge of WowWee's rights and goodwill in the Untamed Marks, as well as with bad faith and the intent to cause confusion, mistake, and deception.

58.     Defendant's continued, knowing, and intentional use of the Untamed Marks without WowWee's consent or authorization constitutes intentional infringement of WowWee's federally registered Untamed Marks in violation of §32 of the Lanham Act, 15 U.S.C. § 1114.

59.     As a direct and proximate result of Defendant's illegal and infringing actions as alleged herein, Plaintiffs have suffered substantial monetary loss and irreparable injury, loss and

damage to their business and their valuable rights in and to the Untamed Marks and the goodwill associated therewith in an amount as yet unknown, but to be determined at trial, for which it has no adequate remedy at law, and unless immediately enjoined, Defendant will continue to cause such substantial and irreparable injury, loss, and damage to WowWee and their valuable Untamed Marks.

60.     Based on Defendant's actions as alleged herein, WowWee is entitled to injunctive relief, damages for the irreparable harm that WowWee has sustained, and will sustain, as a result of Defendant's unlawful and infringing actions as alleged herein, and all gains, profits and advantages obtained by Defendant as a result thereof, enhanced discretionary damages, as well as other remedies provided by 15 U.S.C. §§ 1116, 1117, and 1118, and reasonable attorneys' fees and costs.

### THIRD CAUSE OF ACTION
**(False Designation of Origin, Passing Off & Unfair Competition)**
**[15 U.S.C. § 1125(a)/Lanham Act § 43(a)]**

61.     WowWee repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

62.     WowWee, as the owner of all right, title, and interest in and to the Untamed Marks, has standing to maintain an action for false designation of origin and unfair competition under the Federal Trademark Statute, Lanham Act § 43(a) (15 U.S.C. § 1125).

63.     The Untamed Marks are inherently distinctive and/or have acquired distinctiveness.

64.     Defendant knowingly and willfully used in commerce products and/or packaging designs that are identical or confusingly or substantially similar to, and constitute reproductions of WowWee's Untamed Marks and Untamed Works, and affixed, applied and used false designations of origin and false and misleading descriptions and representations on or in connection with the

manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or sale of Infringing Products, with the intent to cause confusion, to cause mistake and to deceive the purchasing public into believing, in error, that Defendant's substandard Infringing Products are Untamed Products or related products, and/or that Defendant's Infringing Products are authorized, sponsored, approved, endorsed or licensed by Plaintiffs, and/or that Defendant is affiliated, connected or associated with WowWee, thereby creating a likelihood of confusion by consumers as to the source of such Infringing Products, and allowing Defendant to capitalize on the goodwill associated with, and the consumer recognition of, WowWee's Untamed Marks and Untamed Works, to Defendant's substantial profit in blatant disregard of WowWee's rights.

65.     By manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling, and/or otherwise dealing in the Infringing Products that are identical to, confusingly similar to, or which constitute colorable imitations of WowWee's Untamed Products using marks and/or artwork that is identical and/or confusingly or substantially similar to, or which constitute colorable imitations of WowWee's Untamed Marks and Untamed Works, Defendant has traded off the extensive goodwill of WowWee and Plaintiffs' Untamed Products and did in fact induce, and intends to, and will continue to induce customers to purchase Defendant's Infringing Products, thereby directly and unfairly competing with WowWee.  Such conduct has permitted and will continue to permit Defendant to make substantial sales and profits based on the goodwill and reputation of WowWee and Plaintiffs' Untamed Marks, which Plaintiffs have amassed through their nationwide marketing, advertising, sales, and consumer recognition.

66.     Defendant knew, or by the exercise of reasonable care should have known, that its

adoption and commencement of and continuing use in commerce of marks and/or artwork that are identical or confusingly or substantially similar to and constitute reproductions of WowWee's Untamed Marks and Untamed Works would cause confusion, mistake, or deception among purchasers, users, and the public.

67.     Upon information and belief, Defendant's aforementioned wrongful actions have been knowing, deliberate, willful, intended to cause confusion, to cause mistake, and to deceive the purchasing public and with the intent to trade on the goodwill and reputation of WowWee, its Untamed Products, Untamed Marks, and Untamed Works.

68.     As a direct and proximate result of Defendant's aforementioned actions, Defendant has caused irreparable injury to WowWee by depriving WowWee of sales of Plaintiffs' Untamed Products and by depriving Plaintiffs of the value of their Untamed Marks and Untamed Works as commercial assets in an amount as yet unknown, but to be determined at trial, for which Plaintiffs have no adequate remedy at law, and unless immediately restrained, Defendant will continue to cause substantial and irreparable injury to WowWee and the goodwill and reputation associated with the value of the Untamed Marks and Untamed Works.

69.     Based on Defendant's wrongful conduct, Plaintiffs are entitled to injunctive relief as well as monetary damages and other remedies as provided by the Lanham Act, including damages that WowWee has sustained and will sustain as a result of Defendant's illegal and infringing actions as alleged herein, and all gains, profits and advantages obtained by Defendant as a result thereof, enhanced discretionary damages and reasonable attorneys' fees and costs.

**FOURTH CAUSE OF ACTION**
**(Federal Copyright Infringement)**
**[17 U.S.C. § 501(a)]**

70.     WowWee repleads and incorporates by reference each and every allegation set forth

in the preceding paragraphs as if fully set forth herein.

71.     WowWee is the exclusive owner of the Untamed Works.

72.     Defendant had actual notice of WowWee's exclusive rights in and to the Untamed Works.

73.     Defendant did not attempt and therefore inherently failed to obtain WowWee's consent or authorization to use, manufacture, reproduce, copy, display, prepare derivative works of, distribute, sell, transfer, rent, perform, and/or market WowWee's Untamed Products and/or Untamed Works.

74.     Without permission, Defendant knowingly and intentionally reproduced, copied, and displayed WowWee's Untamed Works by manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or selling Infringing Products that bear such Untamed Works, or artwork that is, at a minimum, substantially similar to WowWee's Untamed Works.

75.     Defendant's unlawful and willful actions as alleged herein constitute infringement of WowWee's Untamed Works, including WowWee's exclusive rights to reproduce, distribute, and/or sell such Untamed Works in violation of 17 U.S.C. § 501(a).

76.     Defendant's knowing and intentional copyright infringement, as alleged herein, has caused substantial and irreparable harm to WowWee in an amount as yet unknown but to be proven at trial, for which WowWee has no adequate remedy at law, and unless enjoined, Defendant will continue to cause, substantial and irreparable harm to WowWee.

77.      Based on Defendant's wrongful conduct, WowWee is entitled to injunctive relief, WowWee's actual damages and Defendant's profits in an amount to be proven at trial and enhanced discretionary damages for willful copyright infringement, and reasonable attorneys' fees

and costs.

**FIFTH CAUSE OF ACTION**
**(Violation of Deceptive Acts and Practices Unlawful)**
**[N.Y. Gen. Bus. Law § 349]**

78.     WowWee repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

79.     Through Defendant's unlawful, unauthorized, and unlicensed use of WowWee's Untamed Works and/or Untamed Marks on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling, and/or otherwise dealing in Infringing Products that are identical and/or confusingly or substantially similar to WowWee's Untamed Products, Defendant has engaged in consumer-oriented conduct that has adversely affected the public interest and has resulted in injury to consumers in New York.

80.     Defendant's aforementioned conduct was and is a willful and deliberate attempt to mislead consumers and constitutes the use of deceptive acts or practices in the conduct of business, trade, or commerce.  Such conduct has deceived and materially misleads or has a tendency to deceive and materially mislead the consuming public and has injured and will continue to injure WowWee's business, reputation, and goodwill in violation of N.Y. Gen. Bus. Law § 349.

81.     As a result of Defendant's actions alleged herein, Plaintiffs have suffered and will continue to suffer irreparable harm for which they have no adequate remedy at law.

82.     Pursuant to N.Y. Gen. Bus. Law. § 349(h), WowWee is entitled to enjoin Defendant's unlawful conduct as well as obtain damages in an amount to be determined at trial, costs, disbursements, and attorneys' fees.

## SIXTH CAUSE OF ACTION
### (False Advertising)
### [N.Y. Gen. Bus. Law § 350]

83.     WowWee repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

84.     Without the authorization of WowWee, Defendant has used WowWee's Untamed Works and/or Untamed Marks and/or marks and/or artwork and/or packaging designs that are identical and/or confusingly or substantially similar to WowWee's Untamed Works and/or Untamed Marks in connection with the advertising, marketing, promoting, distributing, displaying, offering for sale, selling, and/or otherwise dealing in the Infringing Products that are identical and/or confusingly or substantially similar to WowWee's Untamed Products, thereby causing confusion, mistake, and deceiving consumers and the public as to the source, origin, sponsorship, or quality of Defendant's Infringing Products.

85.     Defendant's aforementioned willful and intentional conduct constitutes false advertising in the conduct of any business, trade, or commerce and has injured and will continue to injure WowWee's business, reputation, and goodwill in violation of N.Y. Gen. Bus. Law § 350.

86.     As a result of Defendant's actions alleged herein, Plaintiffs have suffered and will continue to suffer irreparable harm for which they have no adequate remedy at law.

87.     Pursuant to N.Y. Gen. Bus. Law. § 350(e), WowWee is entitled to enjoin Defendant's unlawful conduct as well as obtain damages in an amount to be determined at trial, costs, disbursements, and attorneys' fees.

## SEVENTH CAUSE OF ACTION
### (Unfair Competition)
### [New York Common Law]

88.     WowWee repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

89.     By manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling, and/or otherwise dealing in the Infringing Products, Defendant has traded off the extensive goodwill of WowWee and its Untamed Products to induce, and did induce and intends and will continue to induce, customers to purchase its Infringing Products, thereby directly competing with WowWee.  Such conduct has permitted and will continue to permit Defendant to make substantial sales and profits based on the goodwill and reputation of WowWee, which WowWee has amassed through its nationwide marketing, advertising, sales, and consumer recognition.

90.     Defendant's advertising, marketing, promoting, distributing, displaying, offering for sale, selling, and/or otherwise dealing in the Infringing Products was and is in violation and derogation of WowWee's rights and is likely to cause confusion and mistake, and to deceive consumers and the public as to the source, origin, sponsorship, or quality of Defendant's Infringing Products.

91.     Defendant knew, or by the exercise of reasonable care should have known, that its advertising, marketing, promoting, distributing, displaying, offering for sale, selling, and/or otherwise dealing in the Infringing Products and its continuing advertising, marketing, promoting, distributing, displaying, offering for sale, selling, and/or otherwise dealing in the Infringing Products would cause confusion and mistake, or deceive purchasers, users, and the public.

92.     Upon information and belief, Defendant's aforementioned wrongful actions have been knowing, deliberate, willful, intended to cause confusion and mistake, and to deceive, in blatant disregard of WowWee's rights, and for the wrongful purpose of injuring WowWee and its

competitive position while benefiting Defendant.

93.     As a direct and proximate result of Defendant's aforementioned wrongful actions, WowWee has been and will continue to be deprived of substantial sales of its Untamed Products in an amount as yet unknown but to be determined at trial, for which WowWee has no adequate remedy at law, and WowWee has been and will continue to be deprived of the value of its Untamed Works and Untamed Marks as commercial assets in an amount as yet unknown but to be determined at trial, for which WowWee has no adequate remedy at law.

94.     As a result of Defendant's actions alleged herein, WowWee is entitled to injunctive relief, an order granting WowWee's damages and Defendant's profits stemming from its infringing activities, and exemplary or punitive damages for Defendant's intentional misconduct.

**EIGHTH CAUSE OF ACTION**
**(Unjust Enrichment)**
**[New York Common Law]**

95.     WowWee repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

96.     By virtue of the egregious and illegal acts of Defendant as described herein, Defendant has been unjustly enriched in an amount to be proven at trial.

97.     Defendant's retention of monies gained through its deceptive business practices, infringement, acts of deceit, and otherwise would serve to unjustly enrich Defendant and would be contrary to the interests of justice.

**PRAYER FOR RELIEF**

**WHEREFORE**, WowWee prays for judgment against Defendant as follows:

A.     For an award of Defendant's profits and WowWee's damages pursuant to 15 U.S.C. § 1117(a), enhanced discretionary damages under 15 U.S.C. § 1117(a), and treble damages in the amount of a sum equal to three (3) times such profits or damages, whichever is

greater, pursuant to 15 U.S.C. § 1117(b) for willfully and intentionally using a mark or designation, knowing such mark or designation is a counterfeit mark in violation of 15 U.S.C. § 1114(1)(a);

B.      In the alternative to Defendant's profits and WowWee's actual damages, enhanced discretionary damages and treble damages for willful use of a counterfeit mark in connection with the sale, offering for sale, or distribution of goods or services, for statutory damages pursuant to 15 U.S.C. § 1117(c) in the amount of not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just, which WowWee may elect prior to the rendering of final judgment;

C.      For an award of Defendant's profits and WowWee's damages in an amount to be proven at trial for willful trademark infringement of their federally registered Untamed Marks, and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a);

D.      For an award of Defendant's profits and WowWee's damages pursuant to 15 U.S.C. § 1117(a) in an amount to be proven at trial and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a) for false designation of origin and unfair competition under 15 U.S.C. §1125(a);

E.      For an award of WowWee's actual damages and Defendant's profits, pursuant to 17 U.S.C. § 504(b) in an amount to be proven at trial for willful copyright infringement of WowWee's Untamed Works under 17 U.S.C. § 501(a);

F.      In the alternative to WowWee's actual damages and Defendant's profits for copyright infringement of WowWee's Untamed Works pursuant to 17 U.S.C. § 504(b), for statutory damages of up to $150,000 per infringement pursuant to 17 USC § 504(c) for

willful copyright infringement, which WowWee may elect prior to the rendering of final judgment;

G.      For an award of damages in an amount to be proven at trial for deceptive acts and practices pursuant to N.Y. Gen. Bus. Law. § 349(h);

H.      For an award of damages to be proven at trial for false advertising pursuant to N.Y. Gen. Bus. Law. § 350(e);

I.      For an award of damages to be proven at trial for common law unfair competition;

J.      For an award of damages in an amount to be proven at trial for unjust enrichment;

K.      For a preliminary and permanent injunction by this Court enjoining and prohibiting Defendant, or its agents, and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, and entities owned or controlled by Defendant, and all those in active concert or participation with Defendant, and each of them who receives notice directly or otherwise of such injunction from:

      i.   manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Infringing and/or Counterfeit Products;

      ii.  directly or indirectly infringing in any manner any of WowWee's trademarks, copyrights, or other rights (whether now in existence or hereafter created) including, without limitation WowWee's Untamed Marks or Untamed Works;

      iii. using any reproduction, counterfeit, copy or colorable imitation of Plaintiffs' trademarks, copyrights, or other rights (whether now in existence or hereafter created) including, without limitation, WowWee's Untamed

Marks and Untamed Works to identify any goods or services not authorized by WowWee;

iv.   using any of WowWee's trademarks, copyrights, or other rights (whether now in existence or hereafter created) including, without limitation, WowWee's Untamed Works or Untamed Marks, or any other marks or artwork that are confusingly or substantially similar WowWee's Untamed Works or Untamed Marks on or in connection with Defendant's manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling, and/or otherwise dealing in the Counterfeit Products;

v.   using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake, and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale, or sold by Defendant with WowWee, and/or as to the origin, sponsorship, or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale, or sold by Defendant and Defendant's commercial activities by WowWee;

vi.   engaging in the unlawful, unfair, or fraudulent business acts or practices, including, without limitation, the actions described herein, including the of advertising and/or dealing in any Counterfeit Products;

vii.   engaging in any other actions that constitute unfair competition with

WowWee;

viii.   engaging in any other act in derogation of WowWee's rights;

ix.   secreting, destroying, altering, removing, or otherwise dealing with the Infringing Products or any books or records that contain any information relating to manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Infringing Products;

x.   effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in any Final Judgment or Order in this action; and

xi.   instructing, assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (x) above; and

L.      For an order of the Court requiring that Defendant recall from any distributors and retailers and deliver up to WowWee for destruction any and all Infringing and/or Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of such distributors and retailers that infringe any of WowWee's trademarks, copyrights, or other rights including, without limitation, WowWee's Untamed Works or Untamed Marks, or bear any marks or artwork that are confusingly or substantially similar to WowWee's Untamed Works or Untamed Marks;

M.      For an order of the Court requiring that Defendant deliver up for destruction to

WowWee any and all Infringing and/or Counterfeit Products and any and all packaging, labels, tags, advertising, and promotional materials and any other materials in the possession, custody or control of Defendant that infringe any of WowWee's trademarks, copyrights, or other rights including, without limitation, WowWee's Untamed Works or Untamed Marks, or bear any marks or artwork that are confusingly or substantially similar to WowWee's Untamed Works or Untamed Marks pursuant to 15 U.S.C. § 1118;

N.      For an order from the Court requiring that Defendant provide complete accountings for any and all monies, profits, gains and advantages derived by Defendant from its manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, sale and/or otherwise dealing in the Infringing and/or Counterfeit Products as described herein, including prejudgment interest;

O.      For an order from the Court that an asset freeze or constructive trust be imposed over any and all monies, profits, gains and advantages in Defendant's possession which rightfully belong to WowWee;

P.      For an award of exemplary or punitive damages in an amount to be determined by the Court;

Q.      For WowWee's reasonable attorneys' fees;

R.      For all costs of suit; and

S.      For such other and further relief as the Court may deem just and equitable.

### <u>DEMAND FOR JURY TRIAL</u>

WowWee respectfully demands a trial by jury on all claims.


Dated: January 9, 2019                          Respectfully submitted,

                                                EPSTEIN DRANGEL LLP

BY:     /s/ Dwana S. Dixon
        Dwana S. Dixon (DD 0609)
        ddixon@ipcounselors.com
        Jason M. Drangel (JD 7204)
        jdrangel@ipcounselors.com
        Ashly E. Sands (AS 7715)
        asands@ipcounselors.com
        Kerry B. Brownlee (KB 0823)
        kbrownlee@ipcounselors.com
        New York, NY 10165
        Telephone:    (212) 292-5390
        Facsimile:    (212) 292-5391
        *Attorneys for Plaintiffs*
        *WowWee Group Limited and*
        *WowWee Canada, Inc.*